

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 0 9 2019

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DESTONI WIGGINS and ROXANNE JOHNSON,   PLAINTIFFS
Each Individually and on Behalf of
All Others Similarly Situated

vs.                    No. 4:19-cv-883-BSM

DELICIOUS TEMPTATIONS, INC. and TONY NIEL          DEFENDANTS

**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

COME NOW Plaintiffs Destoni Wiggons and Roxanne Johnson, each individually and on behalf of all others similarly situated, by and through their attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendants Delicious Temptations, Inc., and Tony Niel (collectively "Defendants"), they state and allege as follows:

**I.    PRELIMINARY STATEMENTS**

1.   This is a collective action brought by Destoni Wiggins and Roxanne Johnson (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, against Defendants for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and the minimum wage and overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq.* (the "AMWA").

2.   Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of

This case assigned to District Judge Miller
and to Magistrate Judge Kearney

Defendants' failure to pay proper minimum wage and overtime compensation under the FLSA and the AMWA.

## II.     JURISDICTION AND VENUE

3.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.     The acts complained of herein were committed and had their principal effect against Plaintiffs within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

6.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

7.     Plaintiff Wiggins ("Wiggins") is an individual and resident of Saline County.

8.     Plaintiff Johnson ("Johnson") is an individual and resident of Pulaski County.

9.     At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA.

10.    Separate Defendant Delicious Temptations, Inc. ("Delicious Temptations"), is a domestic, for-profit corporation.

11.Delicious Temptations's registered agent for service is Georgann Ozment, at Shackleford Road & Merrill, Little Rock, Arkansas 72212.

12.Separate Defendant Tony Niel ("Niel") is an individual and resident of Arkansas.

13.Niel is the owner, principal, officer and/or director of Delicious Temptations.

14.Niel manages and controls the day-to-day operations of Delicious Temptations, including but not limited to the decision to not pay Plaintiffs for all hours worked, including a sufficient premium for hours worked in excess of forty (40) per week.

15.Defendants own and operate a restaurant in Little Rock.

16.Within the three years preceding the filing of this Complaint, Defendants have continuously employed at least four employees.

17.Defendants have at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

18.Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

### IV.FACTUAL ALLEGATIONS

19.Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

20.Wiggins was employed by Defendants as a Server from July of 2013 until November of 2019.

21. Johnson was employed by Defendants as a Server from 2014 until November of 2019.

22. Servers' duties included waiting on customers, taking and delivering orders, busing tables, doing dishes, and cleaning the facilities.

23. Servers' regularly scheduled hours were 7:45 AM until 2:30 to 4:00 PM, five to seven days a week.

24. However, Plaintiffs frequently worked more hours than they were scheduled, which went unrecorded and uncompensated.

25. Defendants do not have a timeclock system by which Servers could clock in and clock out.

26. Niel and other managers were responsible for recording Servers' hours, and frequently recorded incorrect times which did not reflect the total hours actually worked.

27. These off-the-clock hours amounted to at least two (2) additional hours per week for which Plaintiffs were not compensated.

28. Defendants knew or should have known that Plaintiffs were working additional hours off-the-clock for which they were not compensated.

29. Defendants withheld a portion of Servers' tips.

### V.   REPRESENTATIVE ACTION ALLEGATIONS

30. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

31. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all

persons similarly situated as hourly employees who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

 A. Overtime premiums for all hours worked over forty (40) hours in any week;

 B. Liquidated damages; and

 C. Attorney's fees and costs.

32. Plaintiff proposes the following class under the FLSA:

**All Servers within the last three years.**

33. In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file a written Consent to Join this lawsuit.

34. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

35. The members of the proposed FLSA class are similarly situated in that they share these traits:

 A. They were subject to Defendant's common policy of failing to pay for all hours worked;

 B. Their time was tracked and recorded in the same manner; and

 C. They had substantially similar job duties, requirements, and pay provisions.

36. Plaintiffs are unable to state the exact number of the class but believes that the class is exceeds 20 persons.

37. Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of Defendants.

38. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

39. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claims for FLSA Violations)

40. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

41. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

42. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

43. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

44. Defendants classified Plaintiffs as non-exempt from the requirements of the FLSA.

45. Defendants failed to pay Plaintiffs for all hours worked, including failing to pay Plaintiffs one and one-half times their regular rate for all hours worked in excess of forty hours per week.

46.     29 U.S.C. § 203(m)(2)(B) states, "An employer may not keep tips received by its employees for any purposes[.]"

47.     Defendants unlawfully withheld a portion of Plaintiffs' tips in violation of the FLSA.

48.     Defendants knew or should have known that their actions violated the FLSA.

49.     Defendants' conduct and practices, as described above, were willful.

50.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

51.     Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

52.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.     SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

53.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

54. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

56. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

57. Defendants classified Plaintiffs and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

58. Defendants failed to pay Plaintiffs and similarly situated employees for all hours worked, including failing to pay them one and one-half times their regular rate for all hours worked in excess of forty hours per week.

59. 29 U.S.C. § 203(m)(2)(B) states, "An employer may not keep tips received by its employees for any purposes[.]"

60. Defendants unlawfully withheld a portion of Plaintiffs' and similarly situated employees' tips in violation of the FLSA.

61. Defendants knew or should have known that their actions violated the FLSA.

62. Defendants' conduct and practices, as described above, were willful.

63. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated

damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

64. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

65. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and the class members as provided by the FLSA, Plaintiffs and the class members are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claims for AMWA Violations)

66. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

67. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

68. At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

69. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee

meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

70. Defendants classified Plaintiffs as non-exempt from the requirements of AMWA.

71. Defendant failed to pay Plaintiff for all hours worked, including overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty (40) per week.

72. Defendants knew or should have known that its practices violated the AMWA.

73. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

74. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

### IX.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Destoni Wiggins and Roxanne Johnson, individually and on behalf of all others similarly situated, respectfully pray that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Certification of a class under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.  Judgment for damages suffered by Plaintiff and all others similarly situated for all unpaid compensation under the FLSA, the AMWA and their related regulations;

D.  Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.  An order directing Defendants to pay Plaintiffs and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**DESTONI WIGGINS and ROXANNE JOHNSON, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 11 of 11
Destoni Wiggins, et al. v. Delicious Temptations, Inc., et al.
U.S.D.C. (E.D. Ark.) No. 4:19-cv-____
Original Complaint—Collective Action

...

...

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DESTONI WIGGINS and ROXANNE JOHNSON,**          PLAINTIFFS
**Each Individually and on Behalf of**
**All Others Similarly Situated**

vs.                           No. 4:19-cv-_____

**DELICIOUS TEMPTATIONS, INC. and TONY NIEL**          DEFENDANTS

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly-paid worker for Delicious Temptations, Inc., and Tony Niel within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**DESTONI WIGGINS**

December 6, 2019


**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**